IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00634-WDM-PAC

KENNETH W. PORTIER,

    Plaintiff,

v.

SERGEANT SHOEMAKER (FCF),
CAPTAIN BARNETT D. BAUER (LCF), and
SERGEANT EVE KELEMAN (LCF),

    Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Patricia A. Coan, United States Magistrate Judge**

    This is a *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983. On June 29, 2005, Judge Miller referred this action for pretrial case management and for proposed rulings on dispositive motions. The matter before the court is defendant Shoemaker's motion to dismiss, filed December 2, 2005 [doc. # 33]. Plaintiff has responded and I have determined that oral argument would not be of material assistance.

I. Background

    Plaintiff, who is incarcerated at the Colorado State Penitentiary, filed his complaint on April 5, 2005. Plaintiff then filed an amended complaint alleging claims against Bauer and Keleman only; the amended complaint was stricken on September

26, 2005 [doc. # 28] after plaintiff moved to reinstate the original complaint.

Defendant Sergeant Shoemaker is a correctional officer at the Fremont Correctional Facility (FCF); defendants Capt. Bauer and Sgt. Keleman were formerly employed as correctional officers at the Limon Correctional Facility (LCF).

Service of the complaint on Shoemaker was waived, but was not waived for former CDOC employees, defendants Bauer and Keleman. See doc. # 17, filed June 30, 2005. The marshal has unsuccessfully attempted to serve Keleman at two different addresses. On June 1, 2006 [doc. # 58], I denied plaintiff's motion to serve Sgt. Keleman on the ground that further attempts to serve her would be futile.

Bauer also has not been served. On August 1, 2006, the marshal filed an unexecuted return under seal indicating that Bauer was no longer living at the address which had been supplied by Shoemaker's counsel on June 7, 2006.

The facts alleged in the complaint are as follows. On March 23, 2003, plaintiff asked Shoemaker to move him out of his cell, which request was denied. Later that day plaintiff had an argument with his cellmate, Guillory, which became violent. Plaintiff alleges he was beaten by Guillory and an associate, Minter. Complaint at 4. Plaintiff asserts he suffered injuries including a lacerated forehead. Complaint at 5. After the March 29, 2003 incident, plaintiff was placed in solitary confinement until April 11, 2003. Complaint at 6. Plaintiff was later moved to Colorado Territorial Correctional Facility (CTCF) for one week, and later to the LCF on April 29, 2003. Plaintiff met with case manager Walters at LCF and made numerous requests to be put in "the hole" for his own safety. Complaint at 7-8. Plaintiff's efforts to be placed in "the hole" continued

for a few more months. Complaint at 9-10.

On June 10, 2003, Lt. Strode went to plaintiff's cell in the orientation lockdown area to move plaintiff into a cellhouse. Plaintiff refused to comply with Strode's order and Strode called for backup. Some officers arrived, including Capt. Bauer. Complaint at 10. The officers informed plaintiff that he would be removed from his cell, forcibly if necessary. Plaintiff alleges that Bauer grabbed him by the side of the neck, and then ordered plaintiff to "the hole." Complaint at 11-12. Sgt. Keleman and Capt. Rusher escorted plaintiff, during which time plaintiff alleges Keleman used her stun gun on plaintiff at least three times. Complaint at 12. Plaintiff alleges Keleman's actions amounted to assault, and were an unnecessary and unjustified use of force.

The claims asserted in plaintiff's twenty-one page handwritten complaint are: (1) Shoemaker's March 29, 2003 violation of plaintiff's Eighth Amendment rights for failing to protect Portier from assault by Guillory after Portier asked Shoemaker to remove him from the cell; (2) Keleman's use of excessive force in using a stun gun against plaintiff on June 10, 2003 in violation of plaintiff's Eighth Amendment rights; and (3) Bauer's use of excessive force on June 10, 2003 in violation of plaintiff's Eighth Amendment rights. Complaint at 14.

Plaintiff states that he has a scar from the injury Guillory inflicted, along with severe headaches, dizziness, loss of memory, and disorientation, for which he requests $50,000 in damages. Complaint at 21. For damages resulting from the second claim against Keleman, plaintiff alleges he suffered "emotional distress and a lot of soreness," but "because the injury is de minimus," he seeks only $10,000. Complaint

at 21. Finally, for his third claim against Bauer, plaintiff maintains that he suffered substantial pain for several days and mental anguish, for which he seeks $10,000. Complaint at 21.

## II. Standard of Review

Defendant Shoemaker moves to dismiss under Rule 12(b)(6). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts well-pleaded factual allegations as true and resolves all reasonable inferences in plaintiff's favor. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565. The court will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), and is not obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff proceeds *pro se*. *Pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleadings if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's "conclusory allegations without supporting factual

averments are insufficient to state a claim upon which relief can be granted." *Id.* A court will not construct legal theories which assume facts that have not been pleaded, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. Analysis

A. Exhaustion of Administrative Remedies

Shoemaker moves to dismiss the claim against him for plaintiff's failure to exhaust the prison grievance procedure. A prisoner must exhaust all available administrative remedies prior to seeking relief in federal court, regardless of the form of relief sought, and irrespective of the type of relief offered through the administrative process. *Booth v. Churner*, 532 U.S. 731 (2001); *Porter v. Nussle*, 534 U.S. 516 (2002). In this Circuit[1], exhaustion is a pleading requirement which must be met by the plaintiff or his complaint is subject to dismissal. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-11 (10th Cir. 2003). To satisfy the statutory exhaustion requirement, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity. *Id.* A complaint that "fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Id.* at 1210, quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

---

[1] The Tenth, Eleventh and Sixth Circuits hold this minority view. See *Rivera*, 144 F.3d 719, 731 (11th Cir. 1998); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)(*per curiam*). Other circuits interpret §1997e(a) of the PLRA to allow a defendant's assertion of failure to exhaust to be raised as an affirmative defense. *Steele*, 355 F.3d at 1210.

Mr. Portier may have exhausted some remedies, because he refers to a Step I, Step II, and Step III grievance in his complaint in the section entitled "Administrative Relief," but he does not identify which of his claims was grieved. Complaint at 20. Further, while plaintiff attached copies of grievances (Steps I, II and II) against Sgt. Keleman and against Capt. Bauer (Steps I and II) to his amended complaint, he failed to provide a copy of any grievance filed against Shoemaker. I therefore recommend finding that plaintiff has failed to either plead with specificity or provide documentation that he exhausted prison grievance procedures with respect to Shoemaker before this lawsuit was filed.

Plaintiff argues that he should be excused from the exhaustion requirement for his claim against Shoemaker because case managers at FCF, CTCF and LCF denied plaintiff's requests for grievance forms, and because plaintiff was moved around in three institutions. See Pl. Resp. to Motion to Dismiss at 4. A prisoner may be excused from the exhaustion requirement where he can demonstrate that administrative remedies are unavailable or that resort to such remedies is futile. *Steele*, 355 F.3d at 1209. However to do so, a plaintiff must do more than make an unsupported conclusory allegation of misconduct by prison officials. *Id.* at 1209. Plaintiff states that while he was in the hole at FCF on April 2 and 9, 2003, he sent two kites requesting grievance forms to case manager Ortiz. *Id.* at 2-3. Mr. Portier states that "[he] knew he was running close to the deadline to file the two grievances against Sergeant Shoemaker and FCF laundry." *Id.* at 3. Plaintiff has not provided any specific facts, however, to support his conclusory allegation that he was *prevented* from filing a

6

grievance against Shoemaker. See *Steele* at 1209. I therefore recommend that Shoemaker's motion to dismiss be granted on plaintiff's first claim for relief for plaintiff's failure to exhaust prison remedies prior to filing his claim in this court and for plaintiff's failure to allege facts sufficient to support his contention that he should be excused from the exhaustion requirement.

      B. Qualified Immunity on Plaintiff's Eighth Amendment Claim

Shoemaker alternatively moves to dismiss the claim against him on the basis of qualified immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990).

When presented with the qualified immunity defense, the court conducts a three-part inquiry. First, whether the plaintiff's allegations, if true, establish a constitutional violation. *Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir. 2005). If not, the claim should be dismissed. *See Gomes v. Wood*, ___ F.3d ___, 2006 WL 1739586 (10th Cir., June 27, 2006). Second, if the plaintiff has alleged a constitutional violation, the court next determines "whether the law was clearly established at the time the alleged violation occurred." *Roska v. Peterson*, 328 F.3d 1230, 1245 (10th Cir. 2003). The law is clearly established if a reasonable official in the defendant's circumstances would understand that her conduct violated the plaintiff's constitutional right. *Moore v.*

*Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006).  Moreover, if the law was clearly established,  "[t]he circumstances must be such that the defendant was so 'prevented' from knowing that his actions were unconstitutional that he should not be imputed with knowledge of a clearly established right." *Roska*, 328 F.3d at 1251.

The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain" on prisoners.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  "To establish a cognizable Eighth Amendment claim for failure to protect an inmate from harm by other inmates, the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component."  *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006), *quoting Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003).  Deliberate indifference is equivalent to recklessness in this context.  *Id.* at 1175.

Plaintiff's allegation that Guillory assaulted him while plaintiff and Guillory were in the cell together may meet the objective component of the Eighth Amendment, but plaintiff has not sufficiently alleged facts to support the subjective component of deliberate indifference.  Specifically, even if plaintiff had previously asked to be moved out of the cell with Guillory, plaintiff has not alleged that Shoemaker was advised of any substantial risk of harm to plaintiff from Guillory nor does plaintiff allege any specific facts to show that Shoemaker's conduct was reckless or otherwise deliberately indifferent to that risk.  See Plaintiff's Response to Motion to Dismiss at 7-8.  Accordingly, I alternatively recommend dismissal of plaintiff's first claim because

Shoemaker is entitled to qualified immunity.

### C. Second Claim for Relief Against Keleman

Defendant Keleman has not been served. She is no longer employed as a correctional officer with the State of Colorado, and the Marshal has twice attempted to serve her at two different addresses. Even though he proceeds *in forma pauperis*, plaintiff has the obligation to provide the current address for the Marshal's service on Keleman. *See Caldwell v. Martin*, 104 F.3d 367 (table) 1996 WL 731253, at *1 (10th Cir. Dec. 20, 1996) (affirming dismissal of defendant, rejecting argument that because inmate was proceeding *in forma pauperis,* it was responsibility of Marshal to locate and serve defendants), and *Walker v. Sumner*, 14 F. 3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official). I denied plaintiff's motion to serve Keleman on June 1, 2006.[2] Mr. Portier has not provided the court with an address for service on Keleman, has not proffered any good cause for the failure to serve her, and has not sought any extension of time for service under FED.R.CIV.P. 4(m)

Accordingly, I recommend that plaintiff's second claim for relief against Keleman be dismissed without prejudice *sua sponte* for the failure to effect timely service on Keleman as required by Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995) (district court may dismiss under Rule 4(m), Fed. R.Civ.P. for failure to serve

---

[2]The denial was because plaintiff made no attempt to show good cause for the failure of service, and instead asked for an order directing the Colorado Attorney General to provide the last known address. See Doc. # 56.

9

process after inquiring whether plaintiff has made showing of good cause for failure to effect service in a timely manner).

## IV. Recommendation

For the reasons stated, it is

**RECOMMENDED** that the Motion to Dismiss by Defendant Sergeant Shoemaker, filed on December 2, 2005 [doc. # 33], be **GRANTED and that the first claim for relief and defendant Shoemaker be dismissed.** It is further

**RECOMMENDED** that the second claim for relief and defendant Keleman be **dismissed without prejudice**.

I further note that, If the district judge adopts this Recommendation, and dismisses defendants Shoemaker and Keleman, the only remaining claim is the third claim for excessive force against defendant Bauer who has not been served. On August 4, 2006, I ordered plaintiff to produce a current address for Barnett Bauer on or before September 5, 2006, because the address supplied by the Attorney General on June 7, 2006 was no longer current. See Unexecuted Return of Service, filed under seal on August 1, 2006 (indicating "subject no longer lives at provided address"). Plaintiff's failure to provide a current address for Bauer will result in a Recommendation that Bauer and the claim against him also be dismissed without prejudice.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States**

**District Court for the District of Colorado. The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 18th day of August, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge